IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES M. WEARING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 03cv1850 |
| | ) | |
| HARMONY BOROUGH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court for disposition is the MOTION IN LIMINE filed by Plaintiff, Charles M. Wearing, with brief in support (*Document Nos. 30 and 31, respectively*), and the REPLY TO PLAINTIFF'S MOTION IN LIMINE filed by Defendant, Harmony Borough (*Document No. 33*). For the reasons that follow, the Motion in Limine will be denied.

Plaintiff asks the Court to preclude Defendant at trial from offering testimony that Plaintiff was terminated for "willful misconduct." Plaintiff argues that Defendant is collaterally and judicially estopped from relitigating this issue based upon a favorable ruling by an Unemployment Compensation referee, which found that the conduct for which Plaintiff was terminated did not amount to willful misconduct.

Generally, the doctrine of collateral estoppel, or issue preclusion, applies where the following prongs of a four-part test are met:

(1) An issue decided in a prior action is identical to one presented in a later action;

(2) The prior action resulted in a final judgment on the merits;

(3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and

>   (4)   The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Rue v. K-Mart Corp.,* 713 A.2d 82, 84 (Pa. 1998).

Only the first prong of the test is relevant to this dispute. Plaintiff contends that the issues in the instant matter and the issues before the Unemployment Compensation referee are identical. However, both the Pennsylvania Supreme Court and the Court of Appeals for the Third Circuit have held that unemployment compensation proceedings are not to be given preclusive effect. *See Swineford v. Snyder County Pennsylvania*, 15 F.3d 1258 (3d Cir. 1994); *Rue v. K-Mart Corp.*, 691 A.2d 498 (Pa. Super, 1997), *aff'd,* 713 A.2d 82 (Pa. 1998).

In fact, the appellate court in *Swineford*, held as follows:

> [T]he issue before the UCBR was whether Swineford was ineligible for unemployment compensation benefits by reason of her willful misconduct. By contrast, the issue in this appeal is whether Swineford's firing violated her First Amendment right to speak out on a matter of public concern. As we noted in *Kelley,* the issue of discharge before the UCBR is not identical to the issue of discharge presented in a civil rights claim. 860 F.2d at 1194. Furthermore, 'we do not think that an administrative agency consisting of lay persons has the expertise to issue binding pronouncements in the area of federal constitutional law.' *Edmundson,* 4 F.3d at 193.

*Swineford*, 15 F.3d at 1268.

Similar to the plaintiff in *Swineford*, the issue before the Unemployment Compensation Board was whether Charles M. Wearing was ineligible for unemployment compensation benefits by reason of his willful misconduct. The issue in the instant lawsuit is whether Plaintiff was terminated from his employment in violation of his First and Fourteenth Amendment rights to speak out on matters of public concern.

Following the instructions of our appellate court as set forth in *Swineford,* the Court finds and rules that issue preclusion is not applicable in this instance because the issues involved in the Unemployment Compensation hearing and the instant § 1983 action are not identical, but rather are sufficiently different.

Accordingly, this 26th day of January, 2006, it is hereby **ORDERED** that the Motion in Limine filed by Plaintiff (*Document No. 30*) is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:	John R. Orie, Jr., Esquire
Orie & Zivic
Email: law@oriezivic.com

Patricia A. Monahan, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: Pamonahan@mdwcg.com